**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DENNIS LEWIS, # B-58535,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 13-cv-00696-JPG** |
| ) | |
| **RANDY DAVIS,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

      This matter comes before the Court for review of Plaintiff Dennis Lewis' amended complaint (Doc. 9).  Plaintiff, who is currently incarcerated at Vienna Correctional Center ("Vienna"), filed the original complaint (Doc. 1) on July 17, 2013.  The Court entered an Order (Doc. 7) dismissing Plaintiff's complaint for failure to state a claim upon which relief could be granted on August 9, 2013.  However, Plaintiff was granted leave to file an amended complaint, which he has timely filed.

      In the amended complaint, Plaintiff asserts claims under 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, against Vienna's warden, Randy Davis.  Plaintiff's claims arise from the allegedly unconstitutional conditions of his confinement at Vienna.  For the reasons set forth below, Plaintiff's amended complaint fails to state a claim upon which relief can be granted and shall be dismissed.

**The Amended Complaint**

      In the amended complaint, Plaintiff takes issue with the conditions of his confinement at Vienna (Doc. 1, p. 5).  He has been housed in Building #19 since April 26, 2013.  There, Plaintiff experienced conditions, virtually identical to numerous other Vienna plaintiffs, which he claims

violate his legal rights and place him in danger.  These conditions include exposure to asbestos, improper ventilation, leaky roofs, overflowing urinals, moldy showers, moldy food, and a shortage of functioning toilets.  Rodent droppings litter the kitchen and living quarters.  Third shift correctional officers sleep instead of making rounds to check on inmates at night.  Fire alarms go off at random while prisoners are locked in their units, with no response from staff. Rival gang members and mental health patients are not separated from one another, or other inmates.  Inmates are denied grievance forms, and face interference with their legal mail.

Plaintiff sues Warden Davis for constitutional violations, gross negligence, and criminal malfeasance, among other things.  He seeks $50 million in damages (Doc. 1, p. 6).

**Merits Review Under § 1915A**

This case is now before the Court for a preliminary review of the amended complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.*

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.  Conversely, a

complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the amended complaint, the Court finds it appropriate to exercise its authority under Section 1915A and summarily dismiss this action. The amended complaint fails to state any cognizable claim. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 (**Count 1**) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680 (**Count 2**) (Doc. 9). The FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials. Plaintiff sues a state official. Therefore, all FTCA claims must be dismissed with prejudice. Count 1 shall be dismissed with prejudice.

Count 2 must also be dismissed for failure to state a claim upon which relief can be granted. "Section 1983 creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States ... of any rights, privileges, or immunities secured by the Constitution and laws.'" *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). Plaintiff's complaint focuses on an Eighth Amendment claim for unconstitutional conditions of

confinement.  The Eighth Amendment prohibits cruel and unusual punishment and is applicable to the states through the Fourteenth Amendment.  It has been a means of improving prison conditions that were constitutionally unacceptable.  *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994).  In order to prevail on this claim, Plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims.  *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter,* 501 U.S. 294, 302 (1991).

The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment.  *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society.  *Id*.  The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities.  *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).  The amended complaint appears to satisfy the objective component of this test.

However, a plaintiff must also demonstrate the subjective component of an Eighth Amendment claim.  The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted.  *Jackson*, 955 F.2d at 22.  The subjective component requires that a prison official had a sufficiently culpable state of mind.  *Wilson*, 501 U.S. at 298; *see also McNeil,* 16 F.3d at 124.  In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference.  *See, e.g., Farmer v. Brennan*, 511 U.S. 825,

4

837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Del Raine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).

Even at this early stage in litigation, Plaintiff's amended complaint fails to satisfy the subjective component of an Eighth Amendment claim.  Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  As a result, the doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).   Plaintiff identifies Defendant Davis as the only defendant in the caption of his complaint.  However, he does not mention Defendant Davis in the statement of his claim (Doc. 1, p. 5).  Merely naming a defendant in the caption is insufficient to state a claim.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Although he sues Defendant Davis in his individual capacity for money damages, Plaintiff does not allege that Defendant Davis was personally involved in a constitutional deprivation.  He does not allege that Defendant Davis was aware of the conditions identified in the complaint or exhibited deliberate indifference toward inmate health and safety. Under these circumstances, the amended complaint fails to state a claim against Defendant Davis in his individual capacity.

The warden could still be liable in his official capacity, but only for purposes of securing injunctive relief.  *See Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001) (warden could be liable for injunctive relief relative to a prison policy imposing an unconstitutional condition of confinement).  However, Plaintiff does not request injunctive relief.  Further, the Eleventh Amendment bars official capacity claims for monetary damages.  *Brown v. Budz*, 398 F.3d 904,

5

917-18 (7th Cir. 2005).   Consequently, the amended complaint also fails to state an official capacity claim.   Accordingly, Count 2 must also be dismissed, and dismissal shall be without prejudice.

The Court finds that Plaintiff has also failed to state any other claim for relief.   The amended complaint, like the original complaint before it, is generously peppered with legal terms and even nonsensical phrases, including but not limited to "gross negligence," "torque claim," "criminal malfeasance," "Reconstruction Era Law," "perpensity," "verosity," etc.   Nonsensical or conclusory legal statements do not meet the pleading standards set forth under Rule 8 of the Federal Rules of Civil Procedure, nor do these statements provide enough information to push these claims from the realm of "possible" to "plausible."

For these reasons, the amended complaint must be dismissed without prejudice for failure to state a claim upon which relief can be granted.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** shall be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted under the FTCA.   **COUNT 2** shall be **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

**IT IS ALSO ORDERED** that Defendant **RANDY DAVIS** is **DISMISSED without prejudice** from this action.

**IT IS FURTHER ORDERED** that Plaintiff's amended complaint (Doc. 9) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  A dismissal without prejudice may count as a strike, so long

6

as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.* 150 F.3d 810, 811 (7th Cir. 1998).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 2, 2013**

_s/ J. Phil Gilbert_____
United States District Judge
